THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CNG AUTO GROUP, INC. d/b/a TOP WHEELS; ELONTO R. HERNANDEZ COLON; and JULISSA M. FUENTES RIVERA,<br><br>    Defendants. | CIVIL NO. 15-1824 (JAG) (CVR)<br><br>Breach of Contract,<br>Collection of Monies,<br>Repossession of Personal Property |

### PLAINTIFF'S MOTION FOR LEAVE TO SERVE
### DEFENDANTS BY PUBLICATION

TO THE HONORABLE COURT:

COMES NOW Plaintiff NextGear Capital, Inc. ("NextGear"), through the undersigned attorneys, and respectfully states and prays:

1. On June 16, 2015, NextGear filed a Complaint against CNG Auto Group, Inc. d/b/a Top Wheels ("Top Wheels") and Guarantors Elonto R. Hernández Colón and Julissa M. Fuentes Rivera (collectively, "Defendants") alleging breach of contract and seeking collection of monies. *See* Docket No. 1.

2. That same day, NextGear filed an Emergency Motion for Replevin in order to recover a number of vehicles that secured the $250,000 loan that it extended to Top Wheels in August 2014. *See* Docket No. 4.

3. NextGear filed said Motion *ex parte*, as it would have been impractical to give notice to the Defendants prior to the issuance of an Order for Replevin because of the likelihood that the Defendants or persons acting in concert or association with them, would move secrete,

or destroy the vehicles and their related documents, records, and evidence, if given notice of this motion.

4. On July 10th, Plaintiff's Ex Parte Motion for Replevin was referred to Magistrate Judge Vélez-Rivé for Report and Recommendation. *See* Docket No. 11.

5. On July 13th, Magistrate Judge Vélez-Rivé issued an Order directing NextGear to "provide evidence to the Court of the service of process effected upon Defendants on or before July 17, 2015" or "explain to the Court their reasons for not doing so." *See* Docket No. 12.

6. On July 14th, NextGear filed a motion stating that it had not yet served Defendants and explaining that serving them before carrying out the replevin would skyrocket the chances that Plaintiff would be completely deprived of the personal property that secures the loan it extended to Defendants. *See* Docket No. 14.

7. On July 20th, Magistrate Judge Vélez-Rivé issued an Order noting the Motion at Docket No. 14. *See* Docket No. 16.

8. On July 28th, Judge García-Gregory issued an Order adopting the Magistrate Judge's Report and Recommendation and thus, granting the remedies requested in the Ex Parte Motion for Replevin and mandating that Plaintiff post a bond in the amount being claimed in the Complaint ($481,114.56) to guarantee any damages that may be caused to Defendants as a result of the replevin. *See* Docket No. 19. Plaintiff therefore took the necessary steps to obtain the bond before carrying out the replevin.

9. On August 12th, NextGear was posted the referenced bond. *See* Docket No. 21.

10. That same day, the Honorable Court issued the Writ to Seize and Impound Vehicles. *See* Docket No. 23.

11. On August 14th, NextGear carried out the replevin and was able to recover approximately 22 vehicles (out of 31). Plaintiff's intention was to serve Defendants with process as the vehicles were repossessed.

12. As of today, however, NextGear has not been able to serve Defendants with process. Defendants Elonto Hernández and Julissa Fuentes were not present at the Top Wheels dealership when the replevin was carried out and chose not to appear there upon being informed that the repossession was underway; instead, they called their attorney (Mr. Manuel Morales Schmidt) and asked him to talk to the process server and/or anyone in charge of the replevin. As to Defendant CNG Auto Group, Inc., the process server (Mr. José A. Velázquez Ortiz) was unable to serve it because there was no corporate officer or representative present at the dealership that was authorized to receive service. *See* Declaration at Exhibit 1, ¶¶ 2-4.

13. After the replevin, Mr. Velázquez went to Defendants' last known residential address to attempt service, but was told by a security guard that neither Elonto Hernández nor Julissa Fuentes were listed as residents. *See Id.*, at ¶ 5.

14. Mr. Velázquez then investigated and obtained Defendants' current address. Consequently, he went to Defendants' house[1] on August 14th on or about 2:00 p.m., but either no one was home or no one came out. *See Id.*, at ¶¶ 6-7.

15. On August 17th, Mr. Velázquez returned to the dealership around 2:30 p.m. Again, Defendants were not there, but their secretary, Ivette Martínez, called them and she was instructed by Defendants to tell Mr. Velázquez that he should serve them through attorney Morales-Schmidt. *See Id.*, at ¶ 8.

16. Mr. Velázquez then called Defendants' attorney on two occasions between August 17th and August 25th but he did not answer, so Mr. Velázquez left him voice messages. *See Id.*, at ¶ 9.

17. After leaving him a voice message on August 25th, Mr. Velázquez finally made contact by phone with attorney Morales-Schmidt. The attorney told Mr. Velázquez that he was waiting to obtain authorization from his clients to receive service of process on their behalf. *See*

---

[1] A security guard confirmed that Defendants Hernández and Fuentes lived there. *See Id.*, at ¶ 7

3

*Id.*, at ¶ 10.  However, Mr. Velázquez has not heard back from attorney Morales-Schmidt.  *See Id.*, at ¶ 11.

18. Mr. Velázquez returned to the dealership on September 22 around 1:30 p.m., but it was closed.  That same day, he also returned to Defendants' residence around 1:40 p.m., but no one answered the door.  *See Id.*, at ¶¶ 12-13.

19. The above listed frustrated attempts to serve Defendants demonstrate that they have been purposefully avoiding being served with process.  Therefore, NextGear requests leave to serve process by publication on Defendants pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4.6 of the Puerto Rico Rules of Civil Procedure.

20. Moreover, because the period to serve Defendants expires on October 15th, NextGear requests a 32-day extension (up to and including Monday, November 16th) to complete the process of service by publication.

WHEREFORE, NextGear respectfully requests that the Honorable Court allow it to serve process by publication on Defendants by November 16, 2015.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 14th day of October, 2015.

**McConnell Valdés LLC**
*Attorneys for Plaintiff*
*NextGear Capital, Inc.*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel.: 787.250.5604
Fax: 787.759.2772
www.mcvpr.com

By: *s/ Antonio A. Arias*
Antonio A. Arias
USDC-PR No. 204906
aaa@mcvpr.com

By: *s/ Sonia M. López del Valle*
Sonia M. López del Valle
USDC-PR No. 231413
sld@mcvpr.com