**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | |
| Plaintiff, | |
| v. | CIVIL NO. 15-1824 (JAG) (CVR) |
| CNG AUTO GROUP, INC. d/b/a TOP WHEELS; ELONTO R. HERNANDEZ COLON; and JULISSA M. FUENTES RIVERA, | Breach of Contract, Collection of Monies, Repossession of Personal Property |
| Defendants. | |

**OPPOSITION TO MOTION AT DOCKET NO. 35**

TO THE HONORABLE COURT:

COMES NOW Plaintiff NextGear Capital, Inc. ("NextGear"), through the undersigned attorneys, and respectfully states as follows:

1.    On August 1, 2014, NextGear entered into a Demand Promissory Note and Loan and Security Agreement with CNG Auto Group, Inc. d/b/a Top Wheels ("Top Wheels") (the "Agreement") and Elonto R. Hernández Colón ("Hernández") entered into an Individual Guaranty in favor of NextGear pursuant to the referenced Agreement.  *See* Docket No. 1, at ¶¶ 9 and 12; *see also* Docket No. 1-2.

2.    After April 24, 2015, Top Wheels ceased paying the floor plan loan extended by NextGear and thus defaulted on the Agreement. *Id.*, at ¶¶ 20-21.  Even though the parties conferred several times in an attempt to resolve this matter, they were unable to come to an agreement.

3.    As a result, **on May 15, 2015 (nearly <u>one year ago</u>)**, Mr. Manuel L. Morales Schmidt, sent NextGear an e-mail in which he notified that he had been retained by CNG Auto Group, Inc. to represent the company in this dispute.  *See* Exhibit 1.

4.     Since further attempts to resolve the parties' disagreement proved unsuccessful, NextGear was forced file a Complaint against Top Wheels and its Guarantors on June 17, 2015. *See* Docket No. 1.

5.     That same day, NextGear also filed an Emergency Motion for Replevin in order to recover 31 vehicles that secured the $250,000 loan that it had extended to Top Wheels.  *See* Docket No. 4.

6.     On August 14, 2015, NextGear carried out the replevin and was able to recover approximately 22 vehicles.

7.     Plaintiff's intention was to serve Defendants with process as the vehicles were repossessed.  However, Defendants Elonto Hernández and Julissa Fuentes were not present at the Top Wheels dealership when the replevin was carried out (nor was any other corporate officer or representative of Defendant CNG Auto Group, Inc.) and chose not to appear there upon being informed that the repossession was underway; instead, they called their attorney (**Mr. Manuel Morales Schmidt**) and asked him to talk to the process server and/or anyone in charge of the replevin.  *See* Declaration Under Penalty of Perjury of José A. Velázquez Ortiz (Docket 26-1), at ¶ 3.

8.     Thereafter, Mr. Velázquez made several attempts to serve Defendants both directly and through their attorney, to no avail.  Mr. Velázquez thus attested to the failed service efforts, under penalty of perjury, in a detailed declaration based on his personal knowledge of those facts. *Id.*, at ¶¶ 4-13.  It is well-settled that affidavits (or unsworn declarations under penalty of perjury)[1] that are based on personal knowledge, as opposed to conclusory allegations, have probative value.  *See, e.g., Cornelius v. Home Comings Financial Network, Inc.*, 2008 W.L. 4230197 (11th Cir. Sept. 16, 2008) ("[t]o have any probative value, affidavits must be supported by specific facts, not conclusory allegations.").  Consequently, this Court gave credence

---

[1] Under federal law, an unsworn statement signed under penalty of perjury may be used, in lieu of a sworn statement or affidavit.  *See* 28 U.S.C. § 1746.

to Mr. Velázquez's declaration and entered an Order granting Plaintiff's Motion for Service by Publication on October 15, 2015 (Docket No. 27).

9.     Now, **nearly <u>six months</u> after Plaintiff completed the process of service by publication (see Docket No. 33) and about <u>four months</u> after Plaintiff filed a Motion for Entry of Default (Docket No. 34)**, Counsel for Defendants seeks leave to appear and requests an extension of time to answer the complaint (Docket No. 35).

10.     Mr. Morales Schmidt claims that he was retained by Defendants to represent them in this matter on April 1, 2016.  Docket No. 35, at ¶ 4. As stated above, however, Mr. Morales Schmidt represented in May 2015 that he had been retained by Defendants to resolve the dispute that gave base to Plaintiff's Complaint. *See* Exhibit 1.  Therefore, the Court should give no credence to the assertion that he was recently retained by Defendants.

11.     As shown by Mr. Velázquez's Declaration, Defendants purposefully avoided service since August 14, 2015 – they day when NextGear carried out the replevin, which necessarily made Defendants aware of the instant litigation.  Since that day, Defendants and their counsel turned a blind eye to NextGear's claims but, for whatever reason, they now changed their minds.

12.     Defendants claim that their late appearance will not prejudice NextGear, because it "has already executed the replevin for the vehicles that secured the loan upon which this case is based." Docket No. 35, at ¶ 9.  This is incorrect.  "Delay alone may thwart plaintiff's recovery or remedy.  It also may result in the **loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion**.  Moreover, a delay often will impose additional costs on the litigant not in default, as well as other burdens that may be unreasonable."  Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2699 (3d ed.) (emphasis added).  While NextGear recovered most units in the replevin that was carried out in August of last year, there are approximately 9 units still missing,

which Defendants claim to have sold.  On several occasions, NextGear asked Defendants and their attorney for the bills of sale of those units, but they refused to produce them.[2] Therefore, NextGear has been prejudiced by Defendants' prolonged delay in appearing in this case, which has afforded Defendants the time to move, secrete, or destroy the missing vehicles (about a third of the collateral securing the loan) and their related documents, records, and evidence.

13.    In light of the above, NextGear respectfully submits that Defendants have waived their right to appear and plead in this case and, consequently, the Court should enter default.

WHEREFORE NextGear respectfully requests that the Honorable Court deny Defendants' Motion at Docket No. 35 and, instead, enter default.

RESPECTFULLY SUBMITTED.

IT IS HEREBY CERTIFIED that on this same date, a true and exact copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 22nd day of April, 2016.

**McConnell Valdés LLC**
*Attorneys for Plaintiff*
*NextGear Capital, Inc.*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel.: 787.250.5604
Fax: 787.759.2772
www.mcvpr.com

By: *s/ Antonio A. Arias*
Antonio A. Arias
USDC-PR No. 204906
aaa@mcvpr.com

By: *s/ Sonia M. López del Valle*
Sonia M. López del Valle
USDC-PR No. 231413
sld@mcvpr.com

---

[2] For instance, the undersigned sent Mr. Morales Schmidt an e-mail in September 2015 requesting the bills of sale, which he never responded.  *See* Exhibit 2.