THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CNG AUTO GROUP, INC. d/b/a TOP WHEELS; ELONTO R. HERNANDEZ COLON; and JULISSA M. FUENTES RIVERA, <br><br> Defendants. | CIVIL NO. 15-1824 <br><br> Breach of Contract, <br> Collection of Monies, <br> Repossession of Personal Property |

### [PROPOSED] ORDER ON MOTION FOR DEFAULT JUDGMENT

On June 17, 2015, NextGear Capital, Inc. ("NextGear" or "Plaintiff") filed a Complaint against CNG Auto Group, Inc. d/b/a Top Wheels ("Top Wheels"), Mr. Elonto R. Hernández Colón, and Ms. Julissa M. Fuentes Rivera (Docket No. 1).  That same day, Plaintiff filed an Emergency Motion for Replevin in order to recover 31 vehicles that secured the $250,000 loan that it had extended to Top Wheels (Docket No. 4).  On July 28, 2015, this Court granted the relief requested in the Emergency Motion (Order at Docket No. 19).  Accordingly, Plaintiff carried out the replevin on August 14, 2015 and recovered 22 vehicles.  As demonstrated in Plaintiff's Motion for Leave to Serve Defendants by Publication, NextGear made several attempts to serve Defendants but all failed (Docket Nos. 26 and 26-1).  Thus, on October 15, 2015, this Court granted Plaintiff leave to serve by publication (Order at Docket No. 27).  In accordance with Rule 4.6 of the Rules of Civil Procedure for the Commonwealth of Puerto Rico, P.R. Laws Ann. Tit. 32, App. V R. 4.6, the summonses were published in El Nuevo Día on October 21, 2015 and copies of the Complaint, the Order authorizing service by publication, and the El Nuevo Día clipping of the published summonses were sent by certified mail to Defendants' last known addresses on October 28, 2015  (Docket Nos. 33 at ¶¶ 2-3; 33-1; and 33-2).

Since Defendants failed to answer the Complaint (or otherwise move in response thereto) within 30 days from publication of the summonses, Plaintiff moved for entry of default on December 31, 2015 (Docket No. 34).  On April 5, 2016, Defendants' counsel sought leave to appear and requested an extension of time to answer the complaint (Docket No. 35).  On April 22, 2016, Plaintiff opposed Defendants' Motion at Docket No. 35 showing that Defendants' counsel, who claimed to have been retained on April 1, 2016 to represent Defendants in this matter, sent an e-mail to NextGear in May 2015 stating that he had been retained by Defendants to resolve the dispute that gave base to Plaintiff's Complaint (Docket Nos. 38 and 38-1).  Defendants did not seek leave to reply to Docket No. 38.  On August 15, 2016, Defendants were granted leave to appear, but their extension of time to answer the complaint was denied as this Court was unconvinced that Defendants had good cause to seek an extension of time in view of Defendants' May 2015 e-mail to NextGear (Orders at Docket Nos. 39-41).  Entry of Default was granted on September 15, 2016 (Order at Docket No. 42) and was entered by the Clerk the next day (Docket No. 43).

## **Findings of Fact**

The following allegations, which were verified by the Declaration Under Penalty of Perjury of Angel M. García Rodríguez (Docket No. 1-3) and Kristi Miller (Docket No. 49-2), are established as true and uncontested:

1. NextGear is a corporation organized and existing under the laws of the State of Indiana–with its principal place of business located at 11799 N. College Ave., Carmel, Indiana 46032–that is actively engaged in the business of providing flexible lines of credit to automotive dealers in the United States and abroad (Docket No. 1, at ¶ 5).

2. Top Wheels is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico–with its principal place of business located at Bo. Buena Vista, Carr. 167 Km 15.3, Bayamón, Puerto Rico 00956–that is actively engaged in the business of selling used automobiles in the Commonwealth of Puerto Rico  (Docket No. 1, at ¶ 6).

3. Guarantor Elonto R. Hernández Colón is of legal age, President of Top Wheels, and resident of Toa Alta, Puerto Rico (Docket No. 1, at ¶ 7).

4. Guarantor Julissa M. Fuentes Rivera Colón is of legal age, Vice President of Top Wheels, and resident of Toa Alta, Puerto Rico (Docket No. 1, at ¶ 8).

5. On August 1, 2014, NextGear entered into a Demand Promissory Note and Loan and Security Agreement with Top Wheels (the "Agreement") (Docket No. 1-2).

6. Pursuant to and upon execution of the Agreement, NextGear agreed to lend Top Wheels "the principal sum of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00), or such greater or lesser sum which may be advanced to or on behalf of Borrower from time to time, together with all costs, interests, fees, and expenses as provided for under this Note" (Docket No. 1-2, at p. 2).

7. Furthermore, under the terms of the Agreement, the principal would accrue interest at a rate of 4.5% per annum (Docket No. 1-2, at p. 18).

8. When NextGear entered into the Agreement with Top Wheels (August 1, 2014), Elonto R. Hernández Colón made and entered into an Individual Guaranty in favor of NextGear pursuant to the referenced Agreement (Docket No. 1-2).

9. That same day, Julissa M. Fuentes Rivera also made and entered into a separate Individual Guaranty in favor of NextGear pursuant to the Agreement (Docket No. 1-2).

10. Pursuant to clause 2(a) of the Agreement, "[Top Wheels] grant[ed] to [NextGear] a continuing security interest in all of Borrower's assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired […] (collectively, the "Collateral")" (Docket No. 1-2, at p. 2).

11. Specifically, the Collateral in this case consists of 31 automobiles worth approximately $475,844.83 (Declaration Under Penalty of Perjury of Mr. Angel M. García Rodríguez, Docket No. 1-3).

12. The lien over the Collateral is registered in favor of NextGear in the Puerto Rico Department of State's Secured Transactions Registry (Docket No. 1-4).

13. Pursuant to clause 6(a) of the Agreement, the borrower (Top Wheels) would be in default the instant "(a) Borrower or any Guarantor fails to perform any of its obligations, undertakings or covenants under this Note or under any other Loan Document, **including any obligation to repay any Liability when due and Borrower's obligation to pay upon demand any outstanding Liability under this Note**" (Docket No. 1-2, at p. 8).

14. Beginning in March 2015, NextGear began having automatic payment attempts against Top Wheels' bank account returned because Top Wheels had insufficient funds in its account. Multiple routine installment payments were missed and could not be paid by Top Wheels even though Top Wheels was required to keep sufficient funds in its bank account (Docket No. 1-3, at ¶ 5).

15. Top Wheels made its last loan payment on April 24, 2015 (Declaration Under Penalty of Perjury of Mr. Angel M. García Rodríguez, Docket No. 1-3, at ¶ 6 and Docket No. 1-5).

16. NextGear made several extrajudicial efforts to resolve this matter, including phone calls and written communications, which ultimately proved unsuccessful (Declaration Under Penalty of Perjury of Mr. Angel M. García Rodríguez, Docket No. 1-3, at ¶ 12).

17. Due to Top Wheels' default, Defendants owe NextGear all due and unpaid installments. The outstanding loan amount was $481,114.56 as of June 3, 2015 (Declaration Under Penalty of Perjury of Mr. Angel M. García Rodríguez, Docket No. 1-3, at ¶ 11).

18. The current outstanding loan balance (which is certain, payable, and due) is $556,889.87 (Declaration Under Penalty of Perjury of Kristi Miller, Docket No. 49-2, at ¶ 5).

NextGear requests that a Default Judgment and Order be entered providing and holding that NextGear: (1) shall recover from Defendants the sum certain of $556,889.87, plus interest pursuant to 28 U.S.C. §1961; (2) shall sell the 22 repossessed vehicles through auction and apply

the proceeds to the amount owed by Defendants; and (3) shall have thirty (30) days following entry of judgment to submit a memorandum explaining why an award of costs and attorneys' fees is appropriate and providing adequate methods and data for its calculation.

For the reasons discussed herein, such requests are hereby granted.

## Conclusions of Law

### I. Choice of Law

As an initial matter, the Court finds that Puerto Rico law applies to Plaintiff's claims. Plaintiff brings its state law claims to federal court pursuant to diversity jurisdiction. Plaintiff alleges that it is a citizen of Indiana and that all three Defendants are citizens of Puerto Rico (Docket No. 1, at ¶¶ 5-8). According to the doctrine set forth in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), when a federal court is sitting in diversity jurisdiction, it must apply state substantive law for state law claims. *See Hoyos v. Telecorp Comm'ns. Inc.*, 488 F.3d 1, 5 (1st Cir.2007) (internal citations omitted). "Puerto Rico, the forum territory in this case, has approved the 'dominant or significant contacts' test for contract and tort actions. Under that test, the laws of the jurisdiction with the most significant contacts to the disputed issues will apply." *New Ponce Shopping Ctr., S.E. v. Integrant Assur. Co.,* 86 F.3d 265, 267 (1st Cir. 1996) (internal citations omitted). The test's five factors are to be evaluated "in accordance with their relative importance to the issues presented by the lawsuit." *Allstate Ins. Co. v. Occidental Int'l, Inc.*, 140 F.3d 1, 3 (1st Cir. 1998). These include: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." *Id.* (citing Restatement (Second) of Conflict of Laws § 188 (1971)). While NextGear did not allege place of contracting or negotiation of the contract, Puerto Rico is clearly the place of performance, the location of the subject matter of the contract, and the residence/place of incorporation and business of Defendants. Puerto Rico's substantive law therefore applies.

## II.     Defendants are in Default

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed.R.Civ.P. 55(a).  Pursuant to Fed.R.Civ.P.12(a)(1)(A)(i), the time to answer the complaint or otherwise move in response to the Verified Complaint expired in November 2015. Nearly six (6) months after the summonses were published, Defendants' counsel sought leave to appear and requested an extension of time to answer the complaint (Docket No. 35).  In view of the above referenced May 2015 e-mail (Docket No. 38-1) in which Defendants' counsel addressed the controversy between the parties, this Court was unconvinced that Defendants had good cause to seek an extension of time to answer the complaint; consequently, said request was denied (Order at Docket No. 41).  Entry of Default was granted on September 15, 2016 (Order at Docket No. 42) and was entered by the Clerk the next day (Docket No. 43).

After an Entry of Default, a Court may examine a plaintiff's complaint to determine whether it sufficiently alleges a cause of action. In making that determination it must assume that all well pleaded factual allegations are true. *See Quirondongo Pacheco v. Rolón Morales*, 953 F.2d. 15, 16 (1st. Cir. 1992). When the Court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  It may not be necessary to present testimony to obtain a judgment on a liability issue, although liability is not deemed established simply as a result of the Entry of Default and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability. *See* 10A Fed. Prac. & Proc. Civ. § 2688 (3d ed.). Yet, a Default Judgment may be entered without a hearing under Fed.R.Civ.P. 55(a) if a Court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object. *See Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 339 (1st. Cir. 2008) (citing *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st. Cir. 2002)).

As shown by Plaintiff, Defendants were cognizant of the controversy that gave base to the case at bar since at least May 2015 (Docket No. 28-1).  Moreover, Defendants were aware that Plaintiff had filed a Complaint against them since at least August 14, 2015, when 22 of the liened vehicles were repossessed and removed from Top Wheels's facilities in Bayamón, Puerto Rico. However, it was not until April 2016 that Defendants decided to appear in this case.  The Complaint, as verified by the Declaration of Angel M. García Rodríguez, included sufficient facts to establish a valid cause of action and the information contained therein clearly established that Defendants defaulted on their obligations pursuant to the Demand Promissory Note and Loan and Security Agreement they entered into with NextGear in August 2014.  Therefore, this Court finds in its discretion that it has a specific, cognizable claim for relief which requires no further evidence or examination.

**III.     Judgment Should be Entered against Defendants in the Amount of $556,889.87**

    **a.  Breach of Contract**

Under Article 1054 of the Puerto Rico Civil Code, the elements of a cause of action for breach of contract are (1) a valid contract and (2) a breach by one of the parties to the contract. *Torres v. Bella Vista Hosp., Inc.*, 523 F. Supp. 2d 123, 152 (D.P.R. 2007). For a contract to be valid, there must be (1) the consent of the contracting parties, (2) a definite object which may be the subject of the contract, and (3) the cause for the obligation which may be established. Laws of P.R. Ann. tit. 31, § 3391. Consent is shown "by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." Laws of P.R. Ann. tit. 31, § 3401.

Any party is at liberty to establish the terms and conditions of a contract as long as they are not contrary to law, morals and public order. *See* Art. 1207 and 1210 of the Puerto Rico Civil Code, Laws of P.R. Ann. tit. 31, § 3372 and 3375; *see also Trinidad v. Chade*, 153 D.P.R. 280, 289 (2001); *Arthur Young & Co. v. Vega*, 136 D.P.R. 157 (1988). A contract will be deemed to exist only when one or more persons consent to bind or obligate him/herself or themselves, with

regard to another or others, to give something or to render some service. *See* Art. 1206 P.R. Civil Code, Laws of P.R. Ann. tit. 31, §3371. Therefore, if the terms of the contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. *See S.L.G. Francis Acevedo v. SIMED*, 176 D.P.R. 372 (2009); *Echandi Otero v. Stewart Title*, 174 D.P.R. 355, 371 (2008).

In light of Defendants' default, the facts are not in dispute. NextGear has alleged that a valid contract (the Agreement) exists between it and Defendants and that it was entered into with mutual assent and supported by consideration. As shown by the facts alleged in the Complaint and the exhibits thereto, NextGear loaned $250,000 to Top Wheels – amount that was secured by a collateral of 31 automobiles – and, in exchange, Top Wheels agreed to repay the loan at an interest rate of 4.5% per annum. NextGear also alleged a breach of the Agreement, which occurred when Defendants defaulted on their loan payments in May 2015. As of June 3, 2015, the outstanding loan amount (certain, payable, and due) was $481,114.56. NextGear has thus adequately stated its breach of contract claim.

Notwithstanding NextGear's repeated attempts at collecting on the outstanding loan invoices, Top Wheels has failed to pay the outstanding loan amount owed to NextGear. Therefore, NextGear is entitled to collect from Top Wheels the outstanding loan amount which (including the interest generated since June 2015) is currently $556,889.87, plus interest calculated pursuant to 28 U.S.C. §1961 from the date of the entry of judgment until the date of payment.

### b. Breach of Guaranty Obligations

Pursuant to Article 1044 of the Civil Code, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Laws of P.R. Ann. tit. 31, § 2994. Debtors' personal responsibility to comply with their obligations shall not be altered by a mortgage or any other collateral of the loan. Accordingly, they shall continue to respond with all their present and future assets until the debt is satisfied. *See* Laws of P.R. Ann. tit. 31, §5171.

To guarantee payment of the loan, Co-Defendants Elonto R. Hernández Colón and Julissa M. Fuentes Rivera entered into separate Individual Guaranty Agreements with NextGear on August 1, 2014. Pursuant to the Continuing and Unlimited Nature of Guaranty, Co-Defendants Hernández and Fuentes jointly guaranteed the performance of all the obligations incurred by Top Wheels under the Agreement. However, Hernández and Fuentes breached their guaranty obligations under the Agreement when, like Top Wheels, they defaulted on the loan payments in May 2015. As of June 3, 2015, the outstanding loan amount (certain, payable, and due) they owed NextGear was $481,114.56. Thereafter, interest has continued to accrue at a rate of 4.5% per annum. Consequently, as of today, Co-Defendants Hernández and Fuentes jointly owe NextGear $556,889.87, plus interest calculated pursuant to 28 U.S.C. §1961 from the date of the entry of judgment until the date of payment.

## IV.   Attorneys' Fees

Pursuant to the Paragraph 7(d) of the Agreement and Paragraph 2(a) of the Individual Guaranty Agreements (Docket No. 1-2, at pp. 9, 23, 28), Defendants are liable for the reimbursement of all reasonable costs, expenses, and attorneys' fees.

## V.   Conclusion

It is an undeniable fact that Defendants breached their contract and obligations with NextGear. Based on the foregoing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1)   That Defendants shall joint and severally pay NextGear the amount of $556,889.87, plus interest calculated pursuant to 28 U.S.C. §1961 from the date of the entry of judgment until the date of payment;

2)   That NextGear shall sell the 22 repossessed vehicles through auction and apply the proceeds to the amount owed by Defendants; and

3)   That NextGear shall have thirty (30) days following entry of judgment to submit a memorandum explaining why an award of attorneys' fees and costs is appropriate and providing adequate methods and data for its calculation.

**SO ORDERED.**

In San Juan, Puerto Rico, this \_\_\_ day of _____, 2016.


_____
**JAY A. GARCIA-GREGORY
UNITED STATES DISTRICT JUDGE**