THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.,**<br>　　Plaintiff<br><br>v.<br><br>**CNG AUTO GROUP INC., d/b/a TOP WHEELS; ELONTO R. HERNÁNDEZ COLÓN; and JELISSA M. FUENTES RIVERA**<br>　　Defendants | Civil no. 15-1824 (JAG)<br><br>Breach of contract,<br>Collection of Monies,<br>Repossession of Personal Property |

## MOTION FOR LEAVE TO INTERVENE

TO THE HONORABLE COURT:

**COMES NOW** the intervenor, Popular Auto, LLC. ("Popular Auto"), through its undersigned attorneys, and respectfully states, alleges, and avers as follows:

### I.　　Introduction.

1.　　Popular Auto hereby respectfully moves to intervene in the above captioned action brought by Plaintiff NextGear Capital, Inc., ("NextGear") against codefendants, CNG Auto Group Inc., d/b/a Top Wheels ("CNG"), Elonto R. Hernández Colón and Jelissa M. Fuentes Rivera, in which Nextgear seeks, amongst other reliefs, the repossession of some automobiles that codefendant CNG allegedly provided as collateral for the "Demand Promissory Note and Loan and Security Agreement" ("Loan Agreement") signed between Nextgear and CNG on August 1, 2014.

1

2. Popular Auto seeks to intervene inasmuch it is the legal owner of one of the automobiles (collateral) that Plaintiff is seeking to take possession of, vehicle that Popular Auto bought from CNG on April 23, 2015, and that is currently being leased to one of the bank's client.

3. As of today, Popular Auto has been unable to register its ownership and title with the Puerto Rico's Department of Transportation and Public Works ("DTOP", as the department is known locally) because, to the best of our knowledge, Nextgear is in possession of said title and is refusing to provide such title claiming a senior title. The Vehicle's title was handed to Nextgear by CNG as part of the Loan Agreement they signed among them.

4. As will be discussed in the instant motion, Popular Auto fulfills all the requirements to intervene as a matter of right pursuant to Fed. R. Civ. P. Rule 24(a) and/or in the alternative, even if Popular Auto could not intervene as of right, the motion should still be granted because it also satisfies the requirements for permissive intervention under Fed. R. Civ. P. Rule 24(b).

**II.  Facts and Procedural Background**

5. Pursuant to the statement of facts set in the instant Complaint filed by Nextgear, on August 1, 2014 [**Docket no. 1**], Plaintiff, Nextgear, and codefendant CNG executed a Loan Agreement, that in the part relevant to Popular Auto's request for leave to intervene, allegedly included 31 automobiles as collateral, one of which belongs to the intervenor. [**Docket no. 1**, paragraphs 9 and 15].

6. Nextgear alleges in its Complaint that "[u]pon Top Wheels' default, NextGear has the right to take possession of the liened personal property (the Collateral)" and that "[d]efendants have the obligation to assist Plaintiff in taking possession of the ... automobiles." [**Docket no. 1**, paragraphs 32 and 33]

7. Exhibit 2 of the instant Complaint [**Docket no. 1-3**), named "Declaration under Penalty of Perjury of Angel M. García Rodríguez" lists the descriptions of the abovementioned automobiles.

8. One of these automobiles is described as a "2012 White Mercedes Sprinter, VIN: 636749" ("The Vehicle"). [**Docket no. 1-3**)

9. Pursuant to the Loan Agreement, codefendant CNG granted Plaintiff a continuing security interest in all of CNG's assets and properties, including its documents of titles (paragraph 2(a)) [**Docket no. 1-2**]

10. On April 23, 2015, Popular Auto bought The Vehicle from codefendant CNG d/b/a Top Wheels, an establishment open to the general public that is engaged in the business of selling automobiles. **Exhibit I.**

11. On that same day, Popular Auto leased The Vehicle to Cell Smart Inc., under the leasing contract number 02-500-19647-00-60117, for the amount of $47,995.00. **Exhibit II.**

12. By signing the document titled "Release of Responsibility to the Provider" ("Relevo de Responsabilidad Proveedor"), codefendant CNG guaranteed both Popular Auto and Popular Auto's client, Cell Smart Inc., that all liens on The Vehicle had been paid off and that CNG had a perfect title over

said Vehicle, free of lien, liabilities ("cargas") and any other defect of title ("defecto de título"). **Exhibit III.**

13. The Vehicle was used when purchased by Popular Auto. **Exhibit 1**

14. On June 1st, 2016, DTOP issued a Motor Vehicle Certificate ("Certificado sobre Vehículo de Motor") that showed that The Vehicle was registered under the previous owner's name (José Antonio Fuentes) and has a lien with Mercedes-Benz Financial Services ("MBFS"). **Exhibit IV.**

15. To the best of our knowledge, either the previous owner of The Vehicle, José Antonio Fuentes, and/or codefendant CNG, failed to pay off the pending debt with MBFS or codefendant CNG failed to notify and pay Plaintiff Nextgear for the sale of The Vehicle, pursuant to the clauses of the Loan Agreement, or CNG and/or José A. Fuentes paid MBFS amount owed, but both CNG and Netgear refused to deliver the title documents so that Popular Auto records his title before the Department of Public Transportation (herein "DTOP").

16. Because Nextgear and/or CNG still has possession of The Vehicle's title, Popular Auto has been unable to register its title with DTOP.

17. Even though Netgear and/or CNG has the [illegal] possession of the Vehicle's title they do not have the right to repossess The Vehicle. <u>If defendant, CNG, breached contract with Netgear, as alleged on the Complaint, that does not entitled Plaintiff to repossess any vehicle since thy only one who has that right is Popular Auto and also because the Vehicle is in possession of a third party, on this case, Popular Auto's client, and not CNG.</u>

18. Should this Court allow Popular Auto to intervene on this case, then the latter will demonstrate this Court that Plaintiff has no right to repossess, at least, The Vehicle here in controversy.

### III.  Argument

#### 1. Legal standard:

19. Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as a matter of right and Rule 24(b) governs permissive intervention. Fed. R. Civ. P. 24.

20. Pursuant to Rule 24(a), on timely motion, the court **must** permit anyone to intervene who:

> "(1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

21. To intervene as of right under Rule 24, the applicant for intervention must show that: 1) the applicant has an interest relating to the property or transaction that is the subject of the action; 2) the disposition of the action may as a practical matter impair or impede the absentee's ability to protect that interest; 3) the existing parties cannot adequately represent that interest and; 4) that the motion is timely. R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 9 (1st Cir. 2009); Ungar v. Arafat, 634 F.3d 46, 50 (1st Cir. 2011).

22. The applicant must fulfill all four of these preconditions. The failure to satisfy any one of them dooms intervention. Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998).

> "The First Circuit has noted that this standard is somewhat imprecise, and that "inherent imprecision...dictates that [the requirements] 'be read not discretely, but together', and always in keeping with a commonsense view of the overall litigation." Id. (citing United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984)." Cangris v. UMG Recordings, Inc., 2012USDC734431877.

23. Even where intervention as of right is not available, Rule 24(b) provides separately and independently for permissive intervention whenever an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

### 2. Popular Auto is entitled to intervene as a matter of right under Rule 24 (a) (2)

24. As set out further below, Popular Auto's motion to intervene is timely; Popular Auto has a significant interest in The Vehicle (which was acquired in good faith from codefendant CNG) and is subject of this action as part of the alleged collateral of the Loan Agreement that Nextgear is seeking to take possession of; Popular Auto's interests in that property will be substantially diminished if it is not permitted to intervene since Plaintiff is requesting repossession of The Vehicle, alleging that they have finance declaration recorded before the State Department; the current defendants will most definitely not effectively represent Popular Auto's interests in this case. To the contrary, Plaintiff Nextgear is actively seeking to take possession of The

Vehicle. Plaintiff's finance declaration provides no right to repossess The Vehicle and/or that does not show that they have better title than Popular Auto.

25. If the intervention sought herein is granted, Popular Auto will file a motion to dismiss Plaintiff's request to repossess The Vehicle because Popular Auto is the legal owner of The Vehicle and not CNG and/or NEtgear.

> **a. Popular Auto has an interest relating to the property (The Vehicle) that is the subject of the action.**

26. Article 59 of the Puerto Rico Commerce Code states that a person who in good faith buys merchandise in a store open to the general public, will immediately acquire a valid title over said merchandise.

27. Pursuant to the Puerto Rico Civil Code, the possession of tangible objects that were acquired in good faith equals title. 31 L.P.R.A. sec. 1479.

28. As was previously explained, Popular Auto bought The Vehicle from codefendant CNG, which is an establishment open to the general public, transaction that granted Popular Auto what is consider a good title over The Vehicle. **Exhibit I.**

29. However, Popular Auto has been unable to register its ownership and title of The Vehicle with the DTOP because, to the best of our knowledge, Plaintiff Nextgear is currently in possession of said title. It is Popular Auto's interest that The Vehicle gets registered under its name with the DTOP and

that this Honorable Court denies Nextgear's request to take possession the same. [1]

30. This all shows that Popular Auto has an interest relating to the property or transaction that is the subject of the action (The Vehicle, "2012 White Mercedes Sprinter, VIN: 636749") and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest, without the possibility of having an existing party adequately representing that interest.

**b. The disposition of the action may as a practical matter impair or impede Popular Auto's ability to protect that interest**

31. If this motion for leave to intervene is denied, Popular Auto's ability to protect its interest with regards to The Vehicle will be impaired because if a judgment and order is entered in the instant case granting Nextgear's request to take possession of The Vehicle, Popular Auto will have to engage in a long and contentious legal battle to demonstrate that is the legal owner of said automobile.

32. If Nextgear takes possession of The Vehicle, Popular Auto's client, Cell Smart Inc., will lose the possession of a good (The Vehicle) that was acquired by the intervenor in good faith through a valid transaction with codefendant CNG. Cell Smart, Inc., has signed a valid leasing agreement with

---

[1] After this motion for leave to intervene is granted by this Honorable Court, Popular Auto will file a motion to dismiss Nextgear's request to repossess <u>The Vehicle only</u>, and not with regards to the rest of the automobiles that constitute the collateral of the Loan Agreement signed between Plaintiff and codefendant CNG.

Popular Auto. The repercussions this repossession could have for Popular Auto's reputation are serious and could negatively affect the trust of its clients and also, but more important, is that Popular Auto's client will loose his right of possession of the Vehicle even though he is monthly paying it.

### c. The existing parties cannot adequately represent Popular Auto's interest.

33. It is clear that none of the existing parties can or will adequately represent Popular Auto's interest regarding The Vehicle. Plaintiff Nextgear's position is that it has the right to take possession of The Vehicle as collateral of the Loan Agreement it signed with the codefendants. On the other hand, these codefendants agreed to include The Vehicle as part of the collateral of the loan in 2014 but then sold it to Popular Auto a year later and it appears that it did not inform nor paid Plaintiff for said transaction.

34. There is no doubt that none of the parties of the instant case can adequately represent Popular Auto's interest. Only Popular Auto can do so.

### d. Popular Auto's motion to intervene is timely

35. The timeliness inquiry is a "prevenient question" that "stands as a sentinel at the gates whenever intervention is requested and opposed," R & G Mortgage Corp. v. Fed. Home Loan Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2009) (quoting Banco Popular v.Greenblatt, 964 F.2d 1227 (1st Cir.1992).

36. This threshold determination, which "is inherently fact-sensitive and depends on the totality of the circumstances," involves the following four considerations:

> (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk

9

before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention. Id. (citing Greenblatt, 964 F.2d at 1230-31)

37. Each of these elements, the First Circuit has explained, "must be appraised in light of the posture of the case at the time the motion is made." Id. (citing Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008)).

38. As relevant here, the timeliness requirement is "often applied less strictly with respect to intervention as of right." Id. (citing Navieros Inter-Americanos, S.A. v. M/V Vasilia Express, 120 F.3d 304, 320 (1st Cir.1997)). But even in the case of a motion to intervene as of right, the timeliness requisite "retains considerable bite." Id.

39. Popular Auto originally thought the title of The Vehicle was in possession of codefendant CNG, but just recently it found out that it is in possession of Plaintiff Nextgear. After doing some research about this company, Popular Auto learned about the instant case and it was after reading the exhibits of the complaint that Popular Auto realized that Plaintiff and codefendants signed a Loan Agreement that included The Vehicle as part of collateral and that there is a pending lawsuit in which Nextgear is seeking to take possession of The Vehicle.

40. Popular Auto couldn't have intervened earlier because it had no reasonable way of knowing any of the abovementioned facts before having read the instant Complaint.

41. Should Popular Auto's request to intervene be granted, it would not cause prejudice to the existing parties. Plaintiff Nextgear still has 30 other automobiles as collateral of the Loan Agreement it signed with codefendants. The codefendants should indemnify Plaintiff Nextgear for having sold The Vehiche to Popular Auto in the manner they agreed upon.

42. Codefendants, knowing about its Loan Agreement with Nextgear, proceeded to sell The Vehicle to Popular Auto in 2015, causing prejudice to Plaintiff Next Gear, intervenor Popular Auto and Popular Auto's client, Cell Smart Inc.

43. Not granting the instant leave to intervene will most definitely prejudice Popular Auto because if judgement is entered in favor of Plaintiff, then Nextgear will take possession of The Vehicle without being its legal owner. This matter should be decided in the instant case, where the possession of The Vehicle is at risk in the sense that if Plaintiff prevails and takes possession of it, it will end up in the hands of someone who is not its legal owner.

44. Because of the above, Popular Auto respectfully submits that intervention should be granted as a matter of right under Rule 24(a).

**3. In the Alternative, Permissive Intervention is Appropriate Here Under Rule 24(b)**

45. Rule 24(b) provides that on timely motion, the court may permit anyone to intervene who:

> (A) is given a conditional right to intervene by a federal statute; or

> (B) has a claim or defense that shares with the main action a common question of law or fact.

46. In the instant case, intervenor Popular Auto has a claim that shares a common question of law or fact with the main action, which is, who is the legal owner of The Vehicle and who has the right to physically possess it. Nextgear's contention is that it should take possession over it because it was included as collateral of the Loan Agreement signed with the codefendants however, Popular Auto bought The Vehicle from CNG, an establishment open to the general public that is engaged in the business of selling automobiles.

47. Popular Auto respectfully requests that its leave to intervene is granted so that these questions can be decided by this Honorable Court.

### IV. Conclusion

48. For each of the foregoing reasons, Popular Auto respectfully requests that this Honorable Court grants the instant motion for leave to intervene, allow Popular Auto to intervene in this case, and allow Popular Auto to file motion to dismiss Plaintiff Nextgear's request to take possession of The Vehicle.

**WHEREFORE**, Popular Auto respectfully requests from this Honorable Court to requests that this Honorable Court grants the instant motion for leave to intervene, allow Popular Auto to intervene in this case, and allow Popular Auto to file motion to dismiss Plaintiff Nextgear's request to take possession of The Vehicle.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this October 24, 2016.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsels for Plaintiff and defendants, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                             **BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel./Fax: (787) 946-5268

S/Alejandro Bellver Espinosa
Alejandro Bellver Espinosa, Esq.
U.S.D.C. – P.R. 225708
Email: alejandro@bellverlaw.com