THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CNG AUTO GROUP, INC. d/b/a TOP WHEELS; ELONTO R. HERNANDEZ COLON; and JULISSA M. FUENTES RIVERA,<br><br>　　　　Defendants. | CIVIL NO. 15-1824 (JAG)<br><br>Breach of Contract,<br>Collection of Monies,<br>Repossession of Personal Property |

## **MOTION FOR ATTORNEYS' FEES AND COSTS**

TO THE HONORABLE COURT:

COMES NOW Plaintiff NextGear Capital, Inc. ("NextGear"), through the undersigned attorneys, and respectfully states and prays as follows:

### I.   INTRODUCTION

On January 25, 2017, this Court entered Default Judgment against all three Defendants: CNG Auto Group, Inc. d/b/a Top Wheels ("Top Wheels"), and Mr. Elonto R. Hernández Colón ("Hernández"), and Ms. Julissa M. Fuentes Rivera ("Fuentes").  *See* Docket No. 65.  Upon entering Default Judgment, the Court directed NextGear "to submit a memorandum explaining why an award of attorneys' fees and costs is appropriate, and providing adequate methods and data for its calculation" within "thirty (30) days following entry of judgment." *See* Docket No. 65, at p. 9.  Since Defendants have made no attempt to satisfy any part of the Judgment,[1] NextGear moved for execution thereof on February 24th.  *See* Docket No. 66.  That same day, NextGear requested an extension of time until today to move for attorneys' fees and costs, because the accounting department of the undersigned's firm would need more time to generate an update

---

[1] Despite being at default, Defendants are represented by an attorney, Manuel L. Morales-Schmidt, whose belated leave to appear in this case was granted on August 15, 2016. (Docket Nos. 39-40)  Thus, it can reasonably be presumed that Defendants are fully aware of the Default Judgment entered against them on January 25, 2017.

of the fees/costs report to include the expenses accrued during the drafting of the Motion for Execution of Default Judgment and its accompanying proposed Order and Writ. *See* Docket No. 67. For the reasons explained below, NextGear hereby moves for an award of attorneys' fees in the amount of $24,173.75 and costs and expenses the amount of $1,159.98, representing amounts incurred through February 24, 2017.[2]

## II.  ARGUMENT

### a.  Factual Background and Procedural Efforts

On August 1, 2014, NextGear entered into a Demand Promissory Note and Loan and Security Agreement with CNG Auto Group, Inc. d/b/a Top Wheels ("Top Wheels") (the "Loan Agreement") while Hernández and Fuentes entered into Individual Guaranties in favor of NextGear pursuant to the referenced Loan Agreement. *See* Docket No. 1, at ¶¶ 9 and 12-13; *see also* Docket No. 1-2. After April 24, 2015, Top Wheels ceased paying the floor plan loan extended by NextGear and thus defaulted on the Agreement. *Id.*, at ¶¶ 20-21. Even though the parties conferred several times in an attempt to resolve this matter, they were unable to come to an agreement. As a result, Defendants' attorney (Mr. Manuel L. Morales Schmidt), sent NextGear an e-mail on May 15, 2015 in which he notified that he had been retained by CNG Auto Group, Inc. to represent the company in this dispute. *See* Docket No. 38, at ¶ 3.

Since further attempts to resolve the parties' disagreement proved unsuccessful, NextGear was forced file a Complaint against Top Wheels and its Guarantors on June 17, 2015. *See* Docket No. 1. That same day, NextGear also filed an Emergency Motion for Replevin in order to recover 31 vehicles that secured the $250,000 loan that it had extended to Top Wheels. *See* Docket No. 4. On August 14, 2015, NextGear carried out the replevin and was able to recover 20 vehicles.

Plaintiff's intention was to serve Defendants with process as the vehicles were repossessed. However, Hernández and Fuentes were not present at the Top Wheels

---

[2] NextGear reserves the right to submit a supplemental motion for any subsequent fees or costs.

dealership when the replevin was carried out (nor was any other corporate officer or representative of Top Wheels) and chose not to appear there upon being informed that the repossession was underway.  Moreover, Defendants successfully avoided service on several occasions.  *See* Docket No. 38, at ¶¶ 7-8.

Thereafter, NextGear moved to serve Defendants by publication and this Honorable Court entered an Order allowing it on October 15, 2015.  *See* Order at Docket No. 27.  NextGear filed a Motion Submitting Evidence of Service by Publication on November 13, 2015 and moved for Entry of Default on December 31, 2015.  *See* Docket Nos. 33-34.  Nearly six months after Plaintiff served Defendants by publication and about four months after Plaintiff filed a Motion for Entry of Default, Counsel for Defendants sought leave to appear and requested an extension of time to answer the complaint.  *See* Docket No. 35.  NextGear opposed (Docket No. 38) and Defendants never replied.  On August 15, 2015, this Court granted leave to appear to Counsel for Defendants, but denied the request for extension of time to plead.  *See* Orders at Docket Nos. 39-41.

On September 15, 2016, this Honorable Court issued an Order granting NextGear's Motion for Entry of Default and directing NextGear to "move for Default Judgment and file a proposed Default Judgment."  *See* Order at Docket No. 42.  Accordingly, the Clerk entered default as to Top Wheels, Fuentes, and Hernández on September 16, 2016.  *See* Docket No. 43.  On October 13, 2016, NextGear moved for Default Judgment.  *See* Docket No. 49.  Eleven days after that, however, a third party  -- Popular Auto LLC ("Popular") -- moved to intervene in the case as it was concerned that NextGear would attempt to repossess a unit that Top Wheels had sold to a client of Popular and which it had financed.  *See* Docket No. 24.  Popular's intervention thus delayed the resolution of this case as it took nearly three months to resolve.  Nevertheless, on January 25, 2017 (a week after Popular withdrew its intervention), this Honorable Court entered Default Judgment against all three Defendants.  *See* Docket No. 65.  Finally, as stated above, NextGear moved for execution of judgment on February 24, 2017.  *See* Docket No. 66.

### b. Defendants are Liable for Reasonable Attorneys' Fees and Costs Pursuant to the Loan Agreement and to the Puerto Rico and Federal Rules of Civil Procedure

#### *Attorneys' Fees*

Pursuant to Section 7(d) of the Loan Agreement, Defendants agreed "to pay all reasonable attorneys' fees and other collection costs incurred by Lender and its Affiliates in enforcing this Note and any other Loan Document after any Event of Default." *See* Docket No. 1-2, at p. 9. Defendants, who defaulted on their payment of the loan in April 2015, are thus contractually bound to reimburse the Lender (NextGear) for all reasonable attorneys' fees and costs accrued in obtaining judgment in this case to enforce the Loan Agreement.

Moreover, pursuant to the Puerto Rico Civil Procedure Rule 44.1(d), "in a case where any party or its(their) attorney(s) have proceeded with temerity or frivolity, the court should enter judgment imposing on that liable party the payment of an amount for attorneys' fees that the court deems appropriate in relation to the party's conduct" (our translation). In this case, Defendants have proceeded with temerity, in reckless disregard for NextGear's right to enforce the Loan Agreement, since their default in 2015. Specifically, Defendants (1) ignored NextGear's efforts to collect loan payments; (2) refused to allow NextGear representatives or its auditors access to the inventory to conduct an audit of the same; (3) refused to surrender the inventory or loan collateral; (4) threatened NextGear with a lawsuit should it attempt to repossess the inventory; (5) actively avoided service of process; and (6) despite their belated appearance on April 5, 2016, they failed to defend themselves in this case. *See* Docket Nos. 1-3 38 and 38-1.

Hence, an award for attorneys' fees is appropriate here. During the course of this litigation, NextGear incurred attorneys' fees in the amount of $24,173.75. A summary of the time entries is as follows:

| Timekeeper | Title | Rate[3] | Hours | Fees |
|---|---|---|---|---|
| Antonio A. Arias | Partner | $290/$295 | 38.25 | $8,513.75 |
| Salvador F. Casellas Toro | Partner | $320 | 0.75 | $240 |
| Cecilia M. Suau Badia | Associate | $165/$175 | 4.75 | $798.75 |
| Sonia M. Lopez-Del Valle | Associate | $155/$165 | 83 | $13,230 |
| Michelle Alonso Selva | Paralegal | $135 | 2.75 | $371.25 |
| Jorge A. Garcia Alberto | Summer Associate | $120 | 8.50 | $1,020 |

The bill attached as Exhibit 1 provides further details regarding the services provided. We respectfully submit that the rates which we customarily charge for legal services of this nature are proper and reasonable, and consistent with rates charged by other experienced professionals in comparable cases. We also certify that the time invested in carrying out those tasks was reasonable, and that the tasks were necessary and proper to prosecute NextGear's interest in light of Defendants' breach of the Loan Agreement.

Certain fees incurred between November 4, 2016 and February 22, 2017 (approximately $4,980) have to do with two complaints filed in state court against NextGear and several identical extra-judicial claims raised by Popular regarding other vehicles and allegations similar to those raised in its intervention in this case. Since those fees are not related to this case, NextGear hereby deducts[4] them from the total fees ($29,853.75) and requests an award exclusively as to the remaining fees: **$24,173.75**.

---

[3] Rates increase each June (the beginning of the firm's fiscal year). Certain timekeepers worked on this matter in two different fiscal years.

[4] As can be gleaned from a review of Exhibit 2, there are several "mixed" time entries that have to do with this case *and* the state court cases or extra-judicial claims. NextGear calculated the deductions as follows: (1) "mixed" entries identical in both time and description – half of those were deducted and half remained; (2) single "mixed" entries (whether in amount of time or description) were deducted entirely; and (3) entries that had nothing to do with the instant case were obviously deducted in their entirety. The deducted entries are highlighted in yellow for easy reference.

### *Costs*

Pursuant to Fed. R. Civ. P. 54 (d)(1), "unless a federal statute, these rules, or a court order provides otherwise, **costs–other than attorneys' fees–should be allowed to the prevailing party**" (emphasis added).  *See Republic Tobacco Co. v. North Atl. Trading Co.*, 481 F.3d 442, 446 (7th Cir.2007) ("[Prevailing party means] "the party in whose favor judgment has been entered"); *see also Cherry v. Champion Int'l*, 186 F.3d 442, 446 (4th Cir.1999) ("[FRCP 54(d)(1) creates the presumption that costs are to be awarded to the prevailing party.  To overcome the presumption, a district court must justify its decision to deny costs by articulating some good reason for doing so.  Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award").

Similarly, the main purpose of Puerto Rico Civil Procedure Rule 44.1 is to reimburse the prevailing party for the reasonable and necessary costs and fees incurred during the litigation. *See, e.g. J.T.P. Development Corp. v. Majestic Realty,* 130 D.P.R. 456, 465-466 (1992); *Andino Nieves v. A.A.A.,* 123 D.P.R. 712, 716 (1989); *Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443, 461 (1985); *Ferrer Delgado v. Tribunal Superior,* 101 D.P.R. 516, 517 (1973).  As the Puerto Rico Supreme Court has stated, the rights of the prevailing party "must not be diminished by the expenses in which it was forced to incur without fault and because of the adversary's fault." *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245, 253 (1963) (our translation).  "This premise has become even more relevant in the present, given the excessive increase in expenses related to judicial proceedings." *Maderas Tratadas v. Sun Alliance*, 185 D.P.R. 880, 934 (2012) (our translation).  "[O]nce requested by the prevailing party, the award of costs in favor of the prevailing party becomes mandatory." *Id.* (our translation).

Therefore, an award for costs is appropriate in this case.  During the course of this litigation, NextGear incurred costs in the amount of $1,159.98, as detailed below:

| **USDC Filing Fee** | $400 |
|---|---|
| **Reproduction Charges** | $29.40 |

| | |
|---|---|
| **Postage Charges** | $47.15 |
| **Regular Service of Process Fees** | $130 |
| **Service by Publication Fees** | $553.43 |

These expenses are further detailed in the bill attached as Exhibit 2. The costs incurred between November 28, 2016 and January 20, 2017 (a total of $310.94) have to do with two complaints filed by Popular in state court against NextGear regarding other vehicles and allegations similar to those raised in its intervention in this case. Since those costs are not related to this case, NextGear hereby deducts them from the total costs ($1,470.92) and requests an award exclusively as to the costs directly related to this case: **$1,159.98**.

### III.  CONCLUSION

For the foregoing reasons, NextGear respectfully requests that this Honorable Court award its attorneys their fees in the amount of **$24,173.75** and costs and expenses in the amount of **$1,159.98**, representing the amounts incurred through February 24, 2017.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY  that today this document was electronically filed with the Clerk of the Court using the CM/ECF system which shall automatically notify the parties' attorneys of record at their e-mail addresses and which, pursuant to Local Civil Rule 5(b)(2), constitutes the equivalent of service.

In San Juan, Puerto Rico, this 6th day of March, 2017.

**McConnell Valdés LLC**
*Attorneys for Plaintiff*
*NextGear Capital, Inc.*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel.: 787.250.5604
Fax: 787.759.2772
www.mcvpr.com

By: *s/ Antonio A. Arias*
Antonio A. Arias
USDC-PR No. 204906
aaa@mcvpr.com

By: *s/ Sonia M. López del Valle*
Sonia M. López del Valle
USDC-PR No. 231413
sld@mcvpr.com